RONDALL CLYDE MIXSON
P.O.BOX 670
DILLWYN,VIRGINIA.
    23936

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 24 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

March ,2020

To: Mark Herring,ESQ
    Attorney General Of Commonwealth Of Virginia
    202 North 9th Street
    Richmond,Virginia.
        23219

7:20CV240

## NOTICE OF CLAIM OF RONDALL CLYDE MIXSON
## RETURNABLE AGAINST THE COMMONWEALTH OF VIRGINIA

I RONDALL CLYDE MIXSON,Pro Se, Hereby submit the claim to the Office of Attorney General Returnable against the Commonwealth as required by; and pursuant to Code of Virginia 8.01-195.6 as amended and provides the following statement of the nature of his claim.

In2019 and up until the present RONDALL CLYDE MIXSON has been an inmate in the Virginia Department of Corrections assigned to the Dillwyn Correctional Center.

Agents Liable:
Harold Clarke,Dir,DOC
John F. Walrath,Warden,DMCC
Dr. Clarke,Head Plysiian,DMCC

## STATEMENT OF FACTS

1. On or about November 2016 Plaintiff has a hearing test and was diagnose with bilateral hearing loss in both ears, on Feburary 15,2017 Plaintiff received the hearing aids for both ears. See:(Exhibit A-1,A-2)

2. Plaintiff has a Medical run to the Peterburg Hospital at this time the hearing aids wer confiscation because of an issue with the defibrillator. An at which time plaintiff hearing aids were loss. On Sept 15,2017 Plaintiff was charged for the Replacement for his hearing aids. See:(Exhibit B-1)

3. On June 14,2018 An Agent from Armor provider took a statement from the plaintiff an was witness by Officer Kee. Regarding that Armor should pay for the replacement of the hearing aids. See:(Exhibit B-1,C-1)

4. After 9 Months later Planitiff had yet to receive the hearing aids that he had been charged for.

5. On June 15,2018 Plaintiff was transfered to Deep Meadows Correctional Center at which the Medical Department was unresponsive to the issue of plaintiff receiving aids that where previous pay for.

6. After transfering from DMCC and was transfered to DWCC on or about Oct 2018.

7. Upon arrival at DWCC Plaintiff request the Medical Department with proof of payment dated 7-15-2017 for the replacement claim for hearing aids. See:(Exhibit B-1,C-1)

8. On 1-10-2019 Plaintiff was Revalatated at VCU ENT Clinic. See:(Exhibit D-1). Then after the evalutation the issue of the hearing aids was granted.

9. On March 11,2019 Plaintiff received the replacement hearing aids from VCU Health System-Division of Audiology. See:(Exhibit E-1,E-2)

10. Plaitiff was without hearing aids for over 19 Months.

11. On or about March 2019 Plaintiff was transfered to Baskerville Correctional Center and again the Plaintiff was revalulated to get hearing aids recalibrated to correct audio level.
See: (Exhibit F-1)

12. See:(Exhibit H-1-6-1)

13. Warden John F. Walrath Knowingly knew of the Plantiff hearing loss and of the loss hearing aids. See(Exhibit I-1,I-2,I-3)

14. Dr. Clarke Knowinglt knew that the Plaintiff was heraing impaired and of the loss of the hearing aids. See(Exhibit J-1-J-4).

## ARGUMENT

The lack of observance by VADOC to the Plaintiff outlinging critical barriers to appropriate care caused by systematic failures in the sick call practice to provide timely delivery or administration of prescribed medication or disability aids under policy op 801.3, Failure to carry out specialists prescribed order and courses of treatment to accommodate disability, or punshment for a disability as retalation not withstanding numerous examples of cursory, bureucratic, or inadequate responses to prisoner grievances, because the resolution of real dificiencies in a Correctional Facility is outside their visual field.

The standard for care are timely access aswner as appropriate care or order by a physician, and there is no standard of medical care in prison that is satisfied by trying hard. VADOC's failure to review the substance of prisoners complaints indicates an obstinacy to provide service or care. Many of the triage screening of sick call requiests are by LPN's and not a registed nurse with more experience than LPN staff. My condition is clearly established as illustrative yet staff in the Medical Department continuely avoid to diagnose to maintain cost effective mandate that is within the window of opportunity to be granted to the plaintiff by ADA statue and rights as they qualify as a disabilily.

This is beyond the U.S.Constitution. This is a human rights violation. Broad discretion to determine a issue of security is not an excuse to violate plaintiff protected liberty intrests even if they are limited to freedom from restraint on inmate population in relation to ordinary operations of this facility.

Whether their is a dispute over the belief Title VI does not carry over to the ADA because the latter is not under spending clause legislation and indentifies tortious conduct, and that is a question for congress and congress has unquically said otherwise, The ADA could not be any clearer that the remedies procedures and rights for violations of sec.202 are the same as the remedies set forth in sec. 505(a)(2) of the act whick is the rehabilitation act and is the spending clause legislation and makes the ADA's statue as a now spending clause tort statue quite irrecevant, and this

denial for hearing impaired T.V. is not within the scope of under hardship when in fact it is billed to the inmate to purchase at his expense, under (cov. 51.5-1 ET SEQ.) OP 801.3, OP 750.3 and VA.Code Ann. § 51.5.40

## LEGAL STANARD

Inmates are protected by Sec.504 of the Rehibilitation Act of 1973 29 U.S.C. 794 (a) And by Title II of the America with Disability Act 42 U.S.C. 12131. The ADA was created to regulate state and local goverment programs even those that do not receive federal funding.

The U.S. Supreme Court recently held in Goodman v. George that Title II of the ADA validly abrogates state sovereign immunity as least insofar as it creates a private cause of action for damages for conduct that actually violates the 14th Amendment Due Process Clause.

The VADOC is a state agency that receives federal funging and therefore meets the element for disability discrimination, Norfleet v. Walker, 684 F.3d 688,690 (7th Cir. 2012)

## LEGAL ELEMENTS FOR DISABILTY DISCRIMINATION

1. You have disability within the meaning of the law.
2. Qualify for programs, service or benifit.
3. Being denied or excluded from access to a program, service or benifit.
4. Entity receives federal funding sec. 29 U.S.C. 794 (b) CFR 27.1

## LEGAL ELEMENTS FOR DISABILTY DISCRIMINATION CONTINUED

Penn Dept. of Corr. v. Yeskey, 524 US 206 (1998) ADA

Onishea v. Hopper, 171 3d 1289 (11th Cir. 1999) ADA

Saunder v. Horn, 960 F.Supp. 893 (ED PA. 1997)

Herndon v. Johnson, 970 F.Supp. 703 (ED ARK. 1997)

Pierce v. DC, No.13-cv-0134-F.Supp. 3d-2015 WL 7574750 at 3 (DDC Nov.25 2013) The Court granted summary judgement to plaintiff finding that prison had an affirmative duty under the ADA and sec. 504 to evaluate and accommodate needs of disabiled inmates.

## CONCLUSION

When congress amended the ADA in 2008 it instructed the Court to interpret the phrase substantally limits generously. This dispite what earlier Courts cases may say the ADA considers a wide range of impairments to be disabilties regard less of whether they can be helded or controlled by medication, prosthetics, mobitity,devices, therapy or other mitigating measures. Additionally it does not matter if a particular impairment happens to be intermittent or remission if it would substantally limint a major life activity when active the impairment is still a disability under the ADA Especially when the violation server nopenological interests to the facility other than a cost effective mandate by VADOC to deny all reasonable accommodation requests for disability aids like 17" T.V.s to hearing impaired like myself and again Va. Med records my condition is illistrative.

Wherefore petitioner RONDALL CLYDE MIXSON, seeks relief in amount of $ 100,000.

I ASK FOR THIS:

*[signature]* Rondall Clyde Mixson Pro Se
RONDALL CLYDE MIXSON, Pro Se,
DWCC
P.O.Box 670
Dillwyn,Virginia.23936

_____ JUDGE

March 11 2020.

7

Further Affiant Saith Not.

Dated 22th day of March 2020

Randall Clyde Mixson
AFFIANT

## ACKNOWLEDGEMENT

Subscribed to and Sworn before me this 22th day of March 2020 A.D. Notary, that Randall Clyde Mixson, 1015449 personally appeared and known to me to be the MAN whose Name is subscribed to the Instrument and Acknowledge to be the Same. Plaintiff Affidavit IN Support IN forma pauperis is Attach hereto.

David Hamby
Notary

My Commission Expires: Nov 30 2023

Seal:

DAVID LOUIS HAMBY
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7845578
My Commission Expires Nov. 30, 2023

## Certificate of Service

I Swear pursuant to 28 USC 1746 the foregoing Notice of Claim was mailed Via First Class mail prepaid postage to the United States District Court Western District Roanoke Division on 20th of April 2020 And A Copy was mailed to the General Attorney Office To Mark Herring ESQ, on 11th March 2020. Mailed to the following Parties

Mark Herring ESQ
Attorney General Office
202 North 9th Street
Richmond, Virginia. 23219


United States District Court
Office of the Clerk
210 Franklin Road
Room 540
Roanoke, Virginia.
24011


By: Rondell Clyde Mixson
Rondall Clyde Mixson, Pro-Se
P.O. Box 670
Dillwyn, Virginia.
23936

Ronald Clyde Maxson #1015449
DWCC
P.O. Box 670
Dillwyn, Virginia 23936

United S.
Office of
210 Frank.
Room 5
Roanoke

Legal
Mail

```
U.S. POSTAGE >> PITNEY BOWES
ZIP 23936  $ 002.60
02 4W
0000360549 APR. 21. 2020
```

[ United S]tates District Court
[To t]he Clerk
[706 Mai]n Road
[240]
[Roanoke V]irginia 24011

Legal Mail